FILED

Dec 16 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Venue

## Fourth Amended Petition for Warrant for Person Under Supervision

**Person Under Supervision**  
Jason Livai

**Docket Number**  
0971 3:18CR00297-001 CRB

**Name of Sentencing Judge:**  The Honorable Laurel Beeler  
United States Magistrate Judge

**Date of Original Sentence:**  August 1, 2019

**Original Offense:** Count One: Receiving Stolen property within Special Maritime and Territorial Jurisdiction, 18 U.S.C. § 662, a Class A misdemeanor; Count Two: Misappropriation of Property, 36 C.F.R 1002.30(a)(1) & 18 U.S.C. § 1865, a Class B misdemeanor.

**Original Sentence:** Thirty (30) days intermittent confinement pursuant to 18 U.S.C. § 3563(b)(10) on counts 1 and 2, all counts served concurrently; Four (4) years' probation on counts 1 and 2, all such terms to run concurrently.

**Special Conditions:**  Special assessment; DNA collection; participation in a program of drug testing if you submit a urinalysis specimen which tests positive for illegal substances or admission to the use of illegal substances; expanded search.

**Prior Form(s) 12:** On October 21, 2019, Senior United States District Judge Charles R. Breyer signed a Petition for an Arrest Warrant which alleged Mr. Livai tested positive for methamphetamines and committed a new state crime.

On December 9, 2019, Your Honor signed an Amended Petition for an Arrest Warrant which alleged Mr. Livai tested positive for methamphetamines on multiple occasions, committed state crimes on two separate occasions, and failed to participate in a program of drug testing.

On October 6, 2020, Your Honor signed a second Amended Petition for an Arrest Warrant which alleged Mr. Livai tested positive for methamphetamines, failed to participate in a program for drug testing and treatment, and failed to follow the instruction of his probation officer.

On November 12, 2020, Your Honor signed a third Amended Petition for an Arrest Warrant which alleged Mr. Livai tested positive for methamphetamines, failed to participate in a program for drug testing and treatment, and committed a new law violation.

RE:   Livai, Jason                                                                                                    2
        0971 3:18CR00297-001 CRB

**Type of Supervision**                          **Date Supervision Commenced**
Probation                                                August 1, 2019
**Assistant U.S. Attorney**                      **Defense Counsel**
Denise Oki                                            Elizabeth Falk (AFPD)

---

**Petitioning the Court to take notice of the addition of Charges Twelve through Fourteen and order that Mr. Livai be arraigned before the Honorable Laurel Beeler, U.S. Magistrate Judge, on November 17, 2020, at 9:30am.**

I, Shonte Brittle, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that Jason Livai violated mandatory condition number three, which states in part, you must refrain from any unlawful use of a controlled substance. |
| | On August 1, 2019, Mr. Livai reported to the probation office for his initial appointment after sentencing and produced a urine specimen which was positive for amphetamines and methamphetamine. Mr. Livai signed an admission form and reported he took an ecstasy pill two days prior to being sentenced because he thought he was going to jail. |
| | Evidence in support of this charge can be obtained from the Northern District of California admission and denial report dated August 1, 2019. |
| Two | There is probable cause to believe that Jason Livai violated the mandatory condition which states you must not commit another federal, state, or local crime. |
| | On October 16, 2019, the U.S. Probation Office received notice that Mr. Livai was arrested by the Alameda Sheriff's Office on October 16, 2019. Specifically, he was charged with PC 496D(A)(Felony): Possession Stolen Vehicle; VC 10851(A)(Felony): Vehicle Theft; VC 14601.1(A)(Misdemeanor): Driver Licenses Suspended; PC |

**RE:**   Livai, Jason                                                                                           3
0971 3:18CR00297-001 CRB

530.5(C)(3) (Felony). Mr. Livai is currently in custody at the Santa Rita Jail.

Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated October 16, 2019.

Three    There is probable cause to believe that Jason Livai violated the mandatory condition which states you must not commit another federal, state, or local crime.

On December 5, 2019, the U.S. Probation Office received notice that Mr. Livai was arrested by the Alameda County Sheriff's Office on December 6, 2019. Specifically, he was charged with PC 459 (felony): Burglary Second Degree; PC 466 (misdemeanor): Possession of Burglary Tools; PC 530.5(A)(Felony): Get Credit/ ETC Other's ID.

On December 5, 2019, this officer received a criminal record notification that Mr. Livai was contacted by the Alameda County Sheriff's Office. The Alameda County Sheriff's Office reported Mr. Livai was at the All Safe Storage in Alameda where he rents a storage unit under another name. Mr. Livai was seen on camera going into areas of the facility where his items were stored. Three units were burglarized in that general area.

When officers arrived, Mr. Livai was found in possession of stolen items from one of the units that had been broken into. He was also in possession of checks and mail that were not in his name. It should be noted that Mr. Livai's was also found to be in possession of burglary tools.

Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated December 5, 2019.

Four    There is probable cause to believe that Jason Livai violated special condition number two which states in part, you must participate in a program of drug testing.

On November 5, 2019, Mr. Livai reported to Dolan Mental Health to be placed on sweat patch testing.

On November 12, 2019, the U.S. Probation Office received notice from Dolan Mental Health that Mr. Livai removed his sweat patch. A representative from Dolan reported she purposely layered the

**RE:** Livai, Jason  4
0971 3:18CR00297-001 CRB

patch and documents which arm she places the patch on. She reported the patch appeared to be tampered with and placed back on the opposite arm.

On November 16, 2019, the test results were returned and the test could not be performed because the sweat patch was damaged. Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated November 12, 2019 and the Dolan Laboratory Report dated November 18, 2019.

On November 12, 2019, Mr. Livai reported to Dolan Mental Health for sweat patch replacement. When he returned to have the sweat patch removed. On November 29, the laboratory indicated the sweat patch showed signs of tampering and a test could not be performed.

Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated, November 20, 2019 and the Dolan Laboratory Report dated November 26, 2019.

On November 26, 2019, Mr. Livai reported to the Dolan Mental Health for sweat patch testing and removal. A new sweat patch was applied. Mr. Livai was instructed to return on December 3, 2019 to have the sweat patch removed; however, he failed to report as instructed.

Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated, December 4, 2019.

Five        There is probable cause to believe that Jason Livai violated the mandatory condition which states you must refrain from unlawful use of a controlled substance.

On November 19, 2019. Mr. Livai submitted a sweat patch which tested positive for the use of methamphetamine and amphetamines on December 3, 2019.

Evidence in support of this charge can be obtained from Dolan Mental Health Clinical Reference Laboratory Results dated December 5, 2019.

Six         There is probable cause to believe that Jason Livai violated special condition number two which states, in part, you must participate in a program of drug testing. If you submit a urinalysis specimen which tests positive for illegal substances or you admit to the use of illegal substances, you must participate in a program of testing and treatment for drug and/or alcohol abuse, until such time as you are released from treatment.

| | | |
|---|---|---|
| **RE:** | Livai, Jason<br>0971 3:18CR00297-001 CRB | 5 |

> Mr. Livai failed to report for required testing at Dolan Mental Health on the following dates: June 10, 2020, June 24, 2020, July 13, 2020, July 27, 2020, August 19, 2020, August 29, 2020, September 3, 2020, and September 8, 2020.
>
> Evidence in support of this charge can be obtained through emails from Dolan Mental Health, specifically dated, June 10, 2020, June 24, 2020, July 14, 2020, July 27, 2020, August 19, 2020, August 28, 2020, September 3, 2020, and September 8, 2020.
> Mr. Livai failed to participate in required substance abuse treatment at Dolan Mental Health on the following dates: June 22, 2020, July 20, 2020, September 21, 2020, and September 28, 2020.
>
> Evidence in support of this charge can be obtained through emails from Dolan Mental Health, specifically dated, June 23, 2020, July 20, 2020, September 21, 2020, and September 28, 2020.

Seven    There is probable cause to believe that Jason Livai violated the mandatory condition which states, in part, you must refrain from any unlawful use of a controlled substance.

> On September 17, 2020, during a home visit with his probation officer, Mr. Livai admitted to using methamphetamine two days prior to the home visit.
>
> Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated, September 17, 2020.

Eight    There is probable cause to believe that Jason Livai violated standard condition number four which states, in part, you must follow the instructions of the probation officer related to the conditions of supervision.

> On July 16, 2020, the probation officer attempted to make contact with Mr. Livai via telephone and text message. A voicemail and text message were left instructing Mr. Livai to contact his probation officer that same day. Mr. Livai failed to contact his probation officer as instructed.
>
> On September 21, 2020, the probation officer attempted to make contact with Mr. Livai via telephone and text message. A voicemail and text message were left instructing Mr. Livai to contact his probation officer that same day. Mr. Livai failed to contact his probation officer as instructed.
>
> On September 28, 2020, the probation officer attempted to make contact with Mr. Livai via telephone. A voicemail message was left

| | | |
|---|---|---|
| **RE:** | Livai, Jason<br>0971 3:18CR00297-001 CRB | 6 |

        instructing Mr. Livai to contact his probation officer that same day. Mr. Livai failed to contact his probation officer as instructed.

        Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated, July 16, 2020, September 21, 2020, and September 28, 2020.

Nine     There is probable cause to believe that Jason Livai violated the mandatory condition which states you must not commit another federal, state, or local crime.

<u>Mail Theft Incidents– July 11, 2019 and October 11, 2019:</u>

On July 11, 2019, at approximately 6:00 PM, a man identified as Jason Livai entered through the front door of 1627 High Street Oakland, CA 94601, walked to the elevator and pushed the elevator button. Mr. Livai looked around the lobby and when no other person is seen in the area, he approached the mailboxes located across from the elevator. Mr. Livai inserted a metal type object into the master lock portion of the mailboxes and begins to retrieve multiple pieces of mail. A mail carrier can access multiple mailboxes (including community mailboxes like at the apartment building) at a time by using a Postal Arrow Key to unlock the center lock and rotating the mailboxes downward to distribute the mail. USPS is the sole proprietor of Postal Arrow Keys. Residents of apartment buildings have mail keys specific to their designated mailbox. Mr. Livai gained access to approximately five mailboxes at a single time.

Mr. Livai took mail from inside the mailbox, looked at the pieces of mail, and placed some on top of the mailbox while retrieving more from the mailbox. There is video which shows Mr. Livai consistently checking the front door while engaging in the reported behavior. He then closed up the mailboxes, walked away with multiple crumpled up pieces of mail in hand, and entered the elevator. There was one piece of mail left on the floor after Mr. Livai entered the elevator.

On October 11, 2019, at approximately 7:38 p.m., Mr. Livai entered the 1627 High St apartment building through the front door. He walked towards the elevator and pushed the button, similar to the conduct above. He then turned around and inserted a metal type object into the master lock portion of the mailboxes. He turned the "key" at least five times and was unable to open the box. He next inserted the "key" into a different master lock, turned the key and pulled the box open slightly but was again unsuccessful in opening

the boxes. He turned around and pressed the elevator button again before he turned one final time to the mailboxes. He attempted a third master lock, twisting the "key" multiple times before exiting through the front door.

A witness noticed Mr. Livai's attempt at retrieving mail from the security video and followed him to a nearby store across the street from 1627 High Street. The witness took a brief video and captured Mr. Livai wearing the same style of clothing as depicted in the video from the apartment complex.

Check Cashing Scheme

On December 9, 2019, Frederick Alvarado contacted the U.S. Postal Inspection Service to report a stolen check from his mailbox that was subsequently cashed. Mr. Alvarado provided a copy of the cashed check. The check was drafted on November 19, 2019, and made payable to Mr. Alvarado in the amount of $2,786.50. The check was drawn on the Wells Fargo Bank account of Contra Costa Community College District. The endorsement on the back of the check showed the name "Frederick Alvarado," phone number (510) 422-5254, CA Driver's License #B6288646 and a stamp reading "For Deposit Only CA Check Cashing 577." Alvarado did not sign the check and the phone number is not his. Mr. Alvarado has never visited a CA Check Cashing location to conduct any financial business, including cashing checks or buying money orders.

CA Check Cashing Place is part of the Community Choice Financial Family of Companies and conducts financial transactions such as personal and payroll check cashing, money transfers and personal loans. In order to conduct a transaction, an application must be completed and a form of identification must be provided in order to create an account. CA Check Cashing Place takes a profile photo which is saved electronically in their system.

CA Check Cashing Place provided certified business records of the following: An application completed in Mr. Alvarado's name on December 1, 2019; an electronic profile created; an identification document used; and two videos of the transaction.

The identification document used was a CA Temporary Driver License issued on November 10, 2019. The photo on this Temporary Driver License is of Mr. Livai with the name Frederick Alvarado.

**RE:**   Livai, Jason                                                                                                                  8
         0971 3:18CR00297-001 CRB

        The information on the CA Check Cashing application is accurate in regard to Mr. Alvarado's name and social security number. The address listed on the application is 4001 San Leandro Blvd Apt 18 Oakland, CA 94601; however, Mr. Alvarado's address is St. not Blvd. The email address jodo4366720@gmail.com and phone number 510-422-5254 are not Mr. Alvaraodo's.

        On December 3, 2019, in photos obtained from the CA Check Cashing Store, Mr. Livai was handed cash from the teller.

        Evidence in support of this charge can be obtained from the email sent to the Probation Office from the Government dated October 19, 2020.

Ten       There is probable cause to believe that Jason Livai violated the mandatory condition which states you must refrain from unlawful use of a controlled substance.

        On October 15, 2020, Mr. Livai reported to the probation officer to participate in a drug test. The results of the drug test were positive for amphetamine and methamphetamines. Mr. Livai admitted to the probation officer administering the test that he used methamphetamine on October 12, 2020, after learning about the death of his cousin.

        Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated October 15, 2020.

        On November 4, 2020, during a home visit with his probation officer, Mr. Livai was administered a drug test. He tested positive for methamphetamine and amphetamines. Mr. Livai admitted to using methamphetamine on November 1, 2020.

        Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated November 4, 2020.

**RE:** Livai, Jason 9
0971 3:18CR00297-001 CRB

| | |
|---|---|
| Eleven | There is probable cause to believe that Jason Livai violated special condition number two which states, in part, you must participate in a program of drug testing. If you submit a urinalysis specimen which tests positive for illegal substances or you admit to the use of illegal substances, you must participate in a program of testing and treatment for drug and/or alcohol abuse, until such time as you are released from treatment. |
| | Mr. Livai failed to report for required testing at Dolan Mental Health on the following dates: October 26, 2020, and November 9, 2020. On October 29, 2020, Mr. Livai failed to report to the Probation Office to participate in a drug test as directed by his probation officer. |
| | Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated October 26, 2020, October 29, 2020, and November 9, 2020; and through emails from Dolan Mental Health, specifically dated October 26, 2020, and November 9, 2020. |
| **Twelve** | **There is probable cause to believe that Jason Livai violated special condition number two which states, in part, you must participate in a program of drug testing. If you submit a urinalysis specimen which tests positive for illegal substances or you admit to the use of illegal substances, you must participate in a program of testing and treatment for drug and/or alcohol abuse, until such time as you are released from treatment.** |
| | **Mr. Livai failed to report for required testing at Dolan Mental Health on the following dates: December 3, 2020, and December 9, 2020.** |
| | **Evidence in support of this charge can be obtained through emails from Dolan Mental Health, specifically dated December 4, 2020, and December 10, 2020.** |
| | **On December 10, 2020, Mr. Livai missed his required substance abuse group at Dolan Mental Health.** |
| | **Evidence in support of this charge can be obtained through an email from Dolan Mental Health, specifically dated December 10, 2020.** |

**RE:**  Livai, Jason  10
0971 3:18CR00297-001 CRB

**Thirteen**  There is probable cause to believe that Jason Livai violated the mandatory condition which states you must refrain from unlawful use of a controlled substance.

On December 8, 2020, Mr. Livai reported to the probation officer to submit to a drug test. The results of the drug test were positive for amphetamines. Mr. Livai signed the admission form admitting he used illegal drugs.

Evidence in support of this charge can be obtained from the Probation Office's case notes and the Admission Report, specifically dated December 8, 2020.

**Fourteen**  There is probable cause to believe that Jason Livai violated the mandatory condition which states you must not commit another federal, state, or local crime.

On December 11, 2020, the probation officer received an ATLAS notification advising Mr. Livai was arrested after having committed the following offense: VC 23152(F) DUI Any Drug, misdemeanor. On December 14, 2020, the probation officer received a call from Mr. Livai admitting he was arrested for a DUI on December 11, 2020. Mr. Livai posted bailed and was released on Saturday, December 12, 2020. His next court is scheduled for February 9, 2021 at 9:00a.m. at Alameda County, East County Hall of Justice, Dublin, California. An arrest report as been requested from California Highway Patrol, Hayward, California.

Evidence in support of this charge can be obtained from the Probation Office's case notes, specifically dated December 11, 2020 and December 14, 2020.

Based on the foregoing, there is probable cause to believe that Jason Livai violated the conditions of his Probation.

Respectfully submitted,    Reviewed by:

*Shonte Brittle* (signature)    *Michael J. Primeau* (signature)

Shonte Brittle    Michael J. Primeau
U.S. Probation Officer    Supervisory U.S. Probation Officer
Date Signed: December 14, 2020

**RE:**   Livai, Jason                                                                                                                    11
          0971 3:18CR00297-001 CRB

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒   **The Court takes notice of the addition of Charges Twelve through Fourteen and will arraign him before the Honorable Laurel Beeler, U.S. Magistrate Judge, on ~~November~~ 17, 2020, at 9:30am.**
      December

☐   Other:


___December 16, 2020_____        _____/s/ LB_____
Date                                                                          Laurel Beeler
                                                                                    United States Magistrate Judge

NDC-SUPV-FORM 12C(2)  4/6/2015

**RE:**   Livai, Jason                                                                                                             12
  0971 3:18CR00297-001 CRB

## APPENDIX

Grade of Violations:  B

Criminal History at time of sentencing:  VI

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | 1 year<br>18 U.S.C. § 3565<br>18 U.S.C. § 662 | 1 year<br>USSG § 5D1.2(a)(3) |
| **Supervised Release:** | 1 year minus any custody time imposed<br>18 U.S.C. § 3583(h) | 1 year minus any custody time imposed<br>USSG § 7B1.3(g)(1) |
| **Probation:** | Not Authorized | Not Applicable |